## Erie, Appellant, v. Englehart.

*Municipalities—Municipal officers—Inspector of cable and sewers—Principal and surety.*

No recovery can be had by a city against the sureties of a ward inspector for a loss alleged to have been caused to the city by the negligence of the inspector in overseeing the construction of a sewer, where it appears that the inspector was appointed by the mayor, was in no way under the direction of the city engineer, and was only required to inspect and report to councils, that the error in regard to the construction of the sewer was discovered before the work was finished, that the contractor rebuilt the defective part, that the whole work was finished finally in accordance with the specifications, and the contractor paid the contract price, and that two years after the work was finished, on petition by the contractor, councils voluntarily paid him the amount which it had cost to correct the error, and that this was the amount for which the suit was brought upon the bond of the inspector.

Argued April 8, 1912. Appeal, No. 79, April T., 1912, by plaintiff, from order of C. P. Erie Co., Nov. T., 1907, No. 181, refusing to take off nonsuit in case of City of

Erie v. C. J. Englehart et al.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Assumpsit on a bond.   Before WALLING, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*Charles P. Hewes*, for appellant.

*T. A. Lamb*, for appellees.

OPINION BY PORTER, J., July 18, 1912:

The city of Erie seeks to recover upon a bond given by Englehart, as a ward inspector of the city, with the other parties as sureties, conditioned as follows, viz.: "Now the condition of this obligation is such that if the above bounden said C. J. Englehart shall cause each and every pavement, sewer and other improvement on which he shall be assigned as inspector to be constructed according to contract in every particular, and shall well and faithfully perform his duties as inspector in every respect, then this obligation shall be null and void," etc. The city averred in its statement, as the breach of the condition of the bond, the following facts: the city had entered into a contract with Eichenlaub to construct a sewer in Wallace street, between Second and Sixth streets, and Englehart was assigned to duty as inspector of the work; that it was his duty to see that the sewer was constructed at the grades and levels called for by the plans of the city engineer, "inasmuch as the contractor for said work was subject to the order and direction of the said inspector;" that Englehart so carelessly and negligently oversaw the work that it became necessary for the contractor to take up and relay, at a cost of $263.71, about 270 feet of the sewer which had been already laid at an improper grade; that the relaying of said section of sewer by the contractor was not volun-

tary but at the direction and compulsion of the city engineer; that by virtue of the neglect of the said Englehart, inspector upon the work, the city of Erie became liable to pay Eichenlaub, contractor for said improvement, the actual expense of rebuilding the said 270 feet of sewer, to wit, $263.71; that the city had, on June 23, 1907, paid to Eichenlaub the said sum, upon demand; and that Englehart and the sureties upon his bond had by reason of the premises become liable to the city for the amount so paid. The court below, after the city had presented its evidence, entered a judgment of compulsory nonsuit which it subsequently refused to take off and the city appeals.

The city could only become entitled to recover against the sureties in this bond upon the production of evidence establishing that Englehart had failed to discharge some official duty, for the performance of which the sureties had bound themselves. The evidence established that the construction of this sewer had been completed in 1905, that when finished it strictly complied with the plans and the work was well done, and that it was approved by the city engineer. The city paid for it in 1905 the exact price stipulated for in the contract which it had entered into with Eichenlaub. There is no question, therefore, that the sewer was constructed according to contract in every respect; that particular condition of the bond which these sureties signed, was complied with. The contention of the city is that because Englehart failed to prevent the contractor from laying a section of the sewer at a depth less than the plans required and, upon the discovery of the mistake, the contractor was compelled to spend money in making the sewer conform to the plans, the city thereupon became legally liable to the contractor for the amount of expenditure thus involved, and that the sureties in this bond are liable over to the municipality. The question in this case is not whether the sureties are liable to the city for an injury which it has sustained because of the neglect of an inspector, but whether they are liable to a contractor,

directly or indirectly, for the expense of remedying his own departure from the terms of the contract, merely because the inspector failed to prevent said contractor from making that departure.

The nature of the duties of the inspector for whose official action these sureties became liable is to be ascertained from the provisions of the ordinance under which the inspector was appointed and in pursuance of the requirement of which the bond was given. The duties of the inspector, so far as material to this case, are: "It shall be the duty of the said ward inspector to see that all sewers and pavements contracted for or constructed by the city of Erie, in the ward of which he has been appointed inspector, shall be laid, built, erected and constructed in strict accordance with the plans and specifications therefor submitted by the city engineer, and said ward inspector shall further keep a record of all work done under his inspection. . . . He shall further certify and report to councils whenever required, over his official signature, the condition of work under his inspection." The inspection provided for goes only to the results of the work, the inspectors are given no control over the manner in which the results are attained. They have no power to authorize any departure from the plans and specifications under which the contractor undertakes to do the work. The ordinance gives them no power over the contractor, and it withholds from them any authority to pass upon the work, as between the contractor and the city. The ordinance does not make these inspectors subordinate employees of the city engineer, they are appointed by the mayor, and they are required to report to no person but councils. The city did not by this ordinance clothe these inspectors with power to approve the work of contractors, or to permit departures from the specifications of contracts, or to grant any favors to contractors, or to in any manner interfere with the absolute control of the city engineer over contracts of this character. When a contractor seeks to excuse his departure from a covenant

upon the ground that one of these inspectors has failed to object to his doing so, he will have to find something outside of this ordinance to sustain his contention. This ordinance did not impose upon these inspectors any duty towards contractors, for the construction of sewers, for a failure to discharge which the sureties on this bond can be held, either directly or indirectly, liable. This ordinance does not constitute these inspectors officers of the city, having apparent authority to authorize a departure from the specifications of contracts, and the city is not liable to a contractor for damages resulting from the failure of an inspector to prevent such a departure.

The contract under which Eichenlaub constructed this sewer contained the following material provisions: "2d. To do all work in a thorough and workmanlike manner, . . . . and to conform in every particular to the plans and directions of the city engineer. 3d. That he will claim no extra allowances for any contingencies or delay in doing the foregoing work in a good and workmanlike manner. 6th. That the said city engineer shall have power to extend or diminish the quantity of the work, . . . . but that no part of the work shall be altered by the contractor from that prescribed in the specifications, without the express sanction of the engineer in writing. 13th. That the return of the city engineer shall be the account by which the amount of the material furnished and the work done under the terms of this contract shall be computed; and that he shall not be entitled to demand or receive payment for any work upon, in or about the said work as extra work, unless ordered in writing by the city engineer to do the same as extra work. 17th. It is mutually agreed and understood that if any dispute or disputes shall arise between the parties to this agreement, relative to or touching the same, or in any manner arising therefrom, such dispute or disputes shall be referred to the city engineer for decision, and his decision in writing thereon shall be final and conclusive upon the parties hereto. . . . And it is further expressly provided and

mutually agreed, that no suit or action against the city of Erie for recovery of any claim or damage by virtue of this contract, or in any way arising therefrom, shall be sustainable in any court, or before the city engineer, as above provided unless such suit or action be commenced within twelve months next ensuing after such cause of action accrued. 22d. The contractor shall have charge of, and be responsible for, the entire line of sewer until its completion and acceptance, and any imperfect work which may be discovered before or after the final acceptance of the work, shall be immediately taken up, and relaid in accordance with the specifications, upon notice from the engineer." The evidence established that the error with regard to the construction of that section of the sewer in question was discovered before the work was completed, that the section of the sewer was taken up and relaid before the entire work was tendered for acceptance, that the entire work was completed according to the specifications of the contract, accepted by the city and paid for, according to the terms of the contract, in the year 1905, and the property owners were assessed with this cost, as provided by law, no allowance being made to the contractor or charged to the property holders for relaying the part of the sewer involved in this claim. The evidence fails to disclose that the contractor had ever made any claim upon the city for almost two years after the work had been completed, the amount due the contractor ascertained in the manner provided for in the contract and that amount actually paid by the city to the contractor. About two years after the work had been completed and paid for Eichenlaub, the contractor, presented to the councils of the city of Erie a claim alleging that he was entitled to be compensated for the amount of his expenditure in relaying the part of the sewer in question, so as to make it conform to the provisions of the contract, and the councils of the city generously ordained that the bill should be paid. The provisions of the contract under which the work was done contained nothing

which imposed a duty upon Englehart, the inspector; the work was to be done under the supervision of the city engineer, who was made the sole judge as to whether it complied with the provisions of the contract. The material provisions of the contract above quoted render it very clear that, the city engineer having ascertained and certified the amount to which the contractor was entitled, and that amount having been paid by the city, the city could not legally be held liable for this claim which the contractor presented two years after he had accepted payment of the amount certified by the engineer. The councils of the city may have had the right to be generous with the money of the municipality, but they were without authority to vote money out of the pockets of the sureties on this bond.

The judgment is affirmed.